UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

FILED
DEC 30 2009
Phil Lombardi, Clerk
U.S. DISTRICT COURT

(1) TERENCE MOSES,

    Plaintiff,

vs.

(1) ALLIANCEONE RECEIVABLES
MANAGEMENT, INC,

    Defendant.

CASE NO.

09 CV - 815 GKF   TLW

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. § 1692 *et seq*, and the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*, from unlawful and illegal collection practices and activities engaged in by Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC ("ARM").

2. Jurisdiction is granted to this Court pursuant to 15 U.S.C. § 1692k, § 1681p and 28 U.S.C. § 1331 of the United States Code.

3. All acts upon which this action is base on occurred in Tulsa County, Oklahoma which is located within the Northern District of Oklahoma.

4. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a (3).

5. Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1681a (c).

6. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a (6).

7. Defendant is a "person" and or "furnisher of information" pursuant to 15 U.S.C. § 1681a (b).

8. Communication is "the conveying of information regarding a debt directly or



indirectly to any person through any medium" pursuant to 15 U.S.C. § 1692a (2).

9. On November 5, 2009 Plaintiff received a letter from ARM regarding an alleged debt in the amount of $ 58.97 owed to Public Service Company of Oklahoma.

10. On November 20, 2009 Plaintiff mailed a debt validation request pursuant to 15 U.S.C. § 1692g and a cease and desist letter pursuant to 15 U.S.C. § 1692c via certified mail to ARM.

11. On November 23, 2009 ARM received the debt validation / cease and desist letter via certified mail from the Plaintiff.

12. On December 11, 2009 Plaintiff performed a check of Plaintiff's Experian credit report and found a negative collection account listed in the name of ARM. Also ARM was not listing the alleged debt as disputed despite the fact that the Plaintiff had mailed a debt validation and cease and desist letter to ARM.

13. On December 14, 2009 Plaintiff filed a dispute with Experian regarding the alleged collection account listed by ARM.

14. On December 17, 2009 Plaintiff received a reply from Experian concluding the open investigation and affirming the alleged debt listed by ARM. The debt was also not listed as disputed by ARM.

15. On December 18, 2009 Plaintiff notice that ARM was now reporting a negative collection account on Plaintiff's Equifax credit report. The collection account was not being reported as disputed despite the fact that the Plaintiff had mailed a debt validation and cease and desist letter to ARM.

16. On December 18, 2009 Plaintiff filed a dispute with Equifax regarding the alleged collection account listed by ARM.

17. On December 22, 2009 Plaintiff received a reply from Equifax concluding the open investigation and affirming the alleged debt listed by ARM. The debt was also not listed as disputed by ARM.

18. From November 23, 2009 up till December 11, 2009 Plaintiff received no debt validation or any type of communication from ARM.

19. As a result of Defendant's willful and deceptive violations of the FDCPA and FCRA, Plaintiff has suffered out-of-pocket expenses and emotional distress.

20. As of the filing of this civil action Plaintiff has yet to receive any type of debt validation from ARM.

## CLAIM FOR RELIEF

21. Plaintiff incorporates all of the above paragraphs as though fully states herein.

22. The Defendant has violated 15 U.S.C. § 1692c by "communicating with the Plaintiff despite receiving a valid cease and desist request."

23. The Defendant has violated 15 U.S.C. § 1692e (8) by "threatening to communicate or communicating false credit information, including the failure to communicate that a debt is disputed."

24. The Defendant has violated 15 U.S.C. § 1692e (10) by using "any false representation or deceptive means to collect a debt."

25. The Defendant has violated 15 U.S.C. § 1692f by using "any unfair or unconscionable means to collect or attempt to collect an alleged debt."

26. The Defendant has violated 15 U.S.C. § 1692g (b) by "failing to cease communication with the Plaintiff before validating the alleged debt."

27. The Defendant has violated 15 U.S.C. § 1681s-2 (b) by "failing to report the alleged debt as disputed after notice from Experian regarding the dispute."

28. The Defendant has violated 15 U.S.C. § 1682s-2 (b) by "failing to report the alleged debt as disputed after notice from Equifax regarding the dispute."

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays of judgment on each of the causes of action against Defendant as follows:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k (a) (1);

2. An award of actual damages pursuant to 15 U.S.C. § 1681o (a) (1);

3. An award of statutory damages of $ 1,000 per violation pursuant to 15 U.S.C. § 1681n;

4. An award of statutory damages of $ 1,000 per violation pursuant to 15 U.S.C. § 1692k (a) (2) (A);

5. An award of costs of litigation and any other expenses incurred in pursuing this civil action;

6. For any other relief that the Court deems just and proper.

THE PLAINTIFF

TERENCE MOSES
P. O. BOX 701434
TULSA, OK 74170
(918) 812-3896
Tremaine770@yahoo.com